E. GRADY JOLLY, Circuit Judge,
with whom DUHÉ, Circuit Judge, joins in concurring specially:
I concur in the majority opinion and write briefly to express my concern over what appears to me to be an indisputable abuse of the Batson v. Kentucky[1] rule by the defendant, Arthur Huey. In the simplest of terms, Huey has gained an unwarranted advantage of the ruling as follows: 1) he uttered racial epithets in the course of committing a crime; 2) faced with mounting a defense before a jury of some individuals whose race he had insulted, he sought to preclude their service as jurors by requesting the court to remove all African Americans and all persons with Hispanic surnames; 3) when that request was denied, he used his peremptory strikes to preclude their service as jurors in violation of Batson; 4) although successfully purging the jury, he was nevertheless convicted; 5) he then appeals, complaining essentially of his own unconstitutional acts, and we now reverse his conviction and grant him a new trial on grounds that he created and benefitted from.
The majority correctly observes that under the Supreme Court rationale it is “[t]he discriminatory jury selection process of this trial” that offends the Constitution and demands reversal. The majority is also correct that such abuses in the future must be avoided by the diligence of trial judges. Nevertheless, “the integrity of the jury system,” a principle underlying the Batson decision, is not well served by the result we reach today, because the public trust will be undermined when a convicted criminal can win a new trial based on his own abuse of the justice system.

. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).